**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10173 |
| Plaintiff-Appellee, | D.C. No.<br>1:15-cr-00029-FMRG-1 |
| v. | |
| AMBROSIO D. CONSTANTINO, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief Judge, Presiding

Argued and Submitted August 14, 2018
San Francisco, California

Before: SCHROEDER, SILER,[**] and MURGUIA, Circuit Judges.

The decision to offer a defendant a pretrial diversion agreement in a given case rests squarely with the prosecutor. *See United States v. Edmonson*, 792 F.2d 1492, 1497 (9th Cir. 1986) (explaining that decision-making authority regarding the prosecution of cases lies with the Attorney General and his or her delegates).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Here, because the district court exceeded its authority when it rejected such an agreement between the government and Ambrosio Constantino and the parties agree that we should vacate the judgment and remand this case, we vacate the judgment of the district court and remand for further proceedings.

Constantino was a major in the Guam National Guard. He was indicted on two counts arising from his efforts to recruit another individual to the Guam National Guard: theft of government property and aggravated identity theft. After he was indicted, the government and Constantino intended to enter into a pretrial diversion agreement. The agreement provided that, in exchange for Constantino's acceptance of responsibility of the alleged misconduct, the government would defer prosecution for twelve months, so long as Constantino complied with the agreement's conditions. The diversion agreement itself was unusual in that it came after a formal indictment.[1] The district court, however, rejected the parties' agreement, the case proceeded to trial, and a jury convicted Constantino on both counts.

---

[1] At oral argument, the parties acknowledged that they intended the agreement to be a pretrial diversion agreement but that the district court treated it as a deferred sentencing agreement. A true pretrial diversion agreement would not require any court approval but the government's entry of an indictment here may have led the district court to treat the parties' agreement as a deferred sentencing agreement. It is undisputed that sentencing matters are well within the purview of federal courts. *See, e.g.*, *United States v. Sherpa*, 97 F.3d 1239, 1244–45 (9th Cir. 1996) (explaining that sentencing is "the province of the judge" and citing to several cases). The apparent confusion the indictment generated appears to have affected all of the proceedings below.

17-10173

Following the jury's verdict, the district court reconsidered its decision to reject the "pretrial diversion agreement." But, after the government represented that it no longer intended to offer Constantino the diversion agreement post-trial, the district court again reversed course and sentenced Constantino to a term of imprisonment of two years and one day, plus a fine and restitution.

On appeal, Constantino argues that the district court violated separation of powers principles by rejecting the parties' pretrial diversion agreement. Importantly, the government agrees. "[U]nder our system of separation of powers, the decision whether to prosecute, and the decision as to the charge to be filed, rests in the discretion of the Attorney General or his delegates, the United States Attorneys." *Edmonson*, 792 F.2d at 1497. A district court has extremely limited authority to inject itself into a true pretrial diversion agreement because it typically occurs pre-indictment and does not concern a sentencing matter.

In this case, the district court overstepped its authority by interfering with implementation of the parties' intended pretrial diversion agreement. However, as noted above, the confusion appears to stem from the fact that the government filed an indictment against Constantino and created the appearance of a deferred sentencing agreement instead of the intended pretrial diversion agreement. Nevertheless, the district court erred by questioning the U.S. Attorney's office's policies regarding the use of and criteria for deciding when to offer pretrial

17-10173

diversion agreements. The district court further erred by questioning the prosecution's attempted use of the parties' agreement here. Because the district court based its rejection on reasons unrelated to perceived illegal or unethical actions by the prosecution or speedy trial concerns, it exceeded its authority.

We remand to the district court[2] to allow the parties to be able to enter into their original pretrial diversion agreement or otherwise proceed in accordance with this disposition.

**VACATED and REMANDED.**

---

[2] Although the government requests that on remand we transfer this case to a different judge, having considered the relevant factors for reassignment, we decline to reassign this case. *See United States v. Arnett*, 628 F.2d 1162, 1165 (9th Cir. 1979) (detailing the factors courts weigh when determining whether to assign a case to a different judge on remand).

17-10173